## SUPREME COURT.

WILSON EYRE and LOUISA L. L., his wife, agt. EDWARD V. HIGBEE and FANNY L., his wife.

The receiver of a letter has a *property* in it. And the writer of a letter has a property in it, but such only as will enable him to restrain the publication of the letter.

Therefore, if consent to such publication be given, or no objection to such publication is interposed by the writer, a stranger cannot say that the receiver has no property in the letter, and may not do with it as he pleases.

*New - York Special Term, January,* 1858.

THE complaint alleges that Tobias Lear, in his life, was the owner and possessor of a large number of letters, addressed to him by General Washington, from 1790 to 1799: that said Tobias Lear continued to possess the same until his death, in 1816: that they remained in his family until the month of September, 1856, when they were delivered to Mrs. Higbee for a special purpose, by the widow of Tobias Lear.

The plaintiff Louisa Lincoln Lear Eyre, is the granddaughter of Tobias Lear, and she claims these letters, which have been collected and bound into a volume, as her property.

The complaint avers that neither of the defendants have ever been authorized by the widow of Tobias Lear to take possession of said letters. The complaint also avers that the plaintiff Louisa Lincoln Lear Eyre, is now the sole owner of the said volume of letters, and has demanded the same of the

defendants, who have refused to deliver it up to her. To this complaint the defendants demur, upon these grounds :

1. Because the representatives of General Washington are not made parties.

2. That the lapse of time since the death of Tobias Lear forms an equitable and legal bar to the claims of the plain-tiffs.

3. Because the complaint does not state facts sufficient to constitute a cause of action.

E. W. STOUGHTON, *for defendants.*
H. A. CRAM, *for plaintiffs.*

DAVIES, Justice. I shall confine myself, in the disposition of this demurrer, to the question so ably discussed on the argu-ment, whether the recipient of a letter has any property therein.

If Tobias Lear, as the person to whom these letters were addressed, had any property in them, then the averment of the complaint, and which is admitted by the demurrer, that the plaintiff Mrs. Eyre is now the sole owner of the letters, would make that property hers.

If Lear had any property in the letters, it follows, from the admissions in the pleadings, that that property is now vested in his granddaughter.

I think the rule laid down by Lord HARDWICKE, in the case of *Pope* agt. *Curt* (2 *Atk.* 342), has always been regarded as the correct one. He says : "I am of opinion that it is only a special property in the name. Possibly the property in the paper may belong to him, but this does not give a license to any person whatever to publish them (the letters) to the world, for, at most, the receiver has only a joint property with the writer."

These views are re-affirmed and adopted in the very able and learned opinion of Mr. Justice DUER, of the superior court, in the case of *Woolsey* agt. *Judd* (11 *How. Pr. R.* 49).

I have not been able to find, in all the cases which I have

Eyre and wife agt. Higbee and wife.

examined, anything in conflict with them. Lord ELDON says, in *Gee* agt. *Pritchard* (2 *Swans.* 442), "I think the decisions represent the property as qualified in some respects ; that by sending the letter, the writer had given, for the purpose of reading, and in some cases of keeping it, a property to the person to whom the letter was addressed, yet that the gift was so restrained, that although the purposes for which the letter was sent, the property was in the sender. * * * I doubt whether the court has proceeded so far as to decree the restoration of letters, for the principle on which it interferes, recognizing a joint property in the writer and the person to whom they are addressed."

I think the principle deducible from all the cases is, that the writer has such a property, and such only as will enable him to restrain the publication of the letters, and that if consent to such publication be given, or no objection to such publication is interposed by the writer, a stranger cannot say that the receiver has not property in the letters, and may not do with them as he pleases.

In the case referred to *supra*, Justice DUER observed that "the receiver of a letter may, indeed, publish it, where its publication is shown to be necessary for the vindication of his rights or conduct, but this license has never been extended to a person whose possession of a letter or a copy of a letter, as acquired without the consent of the writer or receiver, is wholly unlawful."

It follows, I think, that the receiver of a letter has a property in it, and though this case does not call for any adjudication as to the rights of the writer (the defendants making no claim to them under or through him), these rights have been held to warrant the writer, or his representatives, to restrain the publication of them without his consent.

The demurrer must be overruled, with leave to the defendants to answer on payment of costs.